1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHIRLEY GEE O/BO/O S.G., a minor child )
                                       )      No. CV-08-3022-JPH
                                       )
            Plaintiff,                 )      ORDER GRANTING PLAINTIFF'S
                                       )      MOTION FOR SUMMARY
v.                                     )      JUDGMENT AND REMANDING FOR
                                       )      FURTHER PROCEEDINGS
MICHAEL J. ASTRUE,                     )
Commissioner of Social Security,       )
                                       )
            Defendant.                 )
                                       )
                                       )

        BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral

argument on October 20, 2008. (Ct. Rec 12, 17, 19.)  Attorney D. James Tree represents plaintiff;

Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security

("Commissioner").  The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After

reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion

for Summary Judgment and remands the matter to the Commissioner for further proceedings.

                                    **JURISDICTION**

        On May 3, 2004, plaintiff Shirley Gee, on behalf of S.G., a minor child (plaintiff) protectively

filed for Supplemental Security Income (SSI) and alleged an onset date of April 21, 2004.  (Tr. 57.)

Benefits were denied initially and on reconsideration. (Tr. 516, 521.)  A hearing was held before ALJ

Peter Baum on October 18, 2006. (Tr. 467-89)  Plaintiff's counsel was present  and plaintiff's mother

testified. (Tr. 467-88.)  On February 20, 2007, the ALJ issued a decision finding that plaintiff was not

disabled. (Tr. 18-29.)  The Appeals Council made additional evidence part of the record and denied

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR FURTHER PROCEEDINGS-1

1  review on February 8, 2008. (Tr. 5, 9.)  Therefore, the ALJ's decision became the final decision of the

2  Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed

3  this action for judicial review pursuant to 42 U.S.C. § 405(g) on February 28, 2008. (Ct. Rec. 1.)

4  **STATEMENT OF FACTS**

5  The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and

6  the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

7  Plaintiff was almost nine years old at the time of the hearing. (Tr. 21.)  She was living with her

8  mother and two siblings. (Tr. 417-72.)  She was in the second grade and spent half of her school time

9  in special education and half in a regular classroom. (Tr. 474.)  Plaintiff gets extra help with math and

10  reading. (Tr. 474.)  Plaintiff has problems with encopresis and bladder control. (Tr. 475.)  She has

11  frequent urinary tract infections. (Tr. 475, 480.) Plaintiff's mother testified that her problems had gotten

12  worse in the year preceding the hearing. (Tr. 475.)  Plaintiff's mother also testified that plaintiff has

13  involuntary muscle spasms from the encopresis and urinary tract infections. (Tr. 481.)

14  **STANDARD OF REVIEW**

15  Congress has provided a limited scope of judicial review of a Commissioner's decision.  42

16  U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the

17  determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler,*

18  760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999).  "The

19  [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are

20  supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42

21  U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d

22  1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599,

23  601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th

24  Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate

25  to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch

26  inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be

27  upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965).  On review, the Court considers the record

28  as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR FURTHER PROCEEDINGS-2

F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

On August 22, 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. 104-193, 110 Stat. 105 which amended 42 U.S.C. § 1382c(a)(3). Under this law, a child under the age of eighteen is considered disabled for the purposes of SSI benefits if "that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(c)(a)(3)(C)(i)(2003).

The regulations provide a three-step process to determine whether a child is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If the child is not engaged in substantial gainful activity, the analysis proceeds to step two. Step two requires the ALJ to determine whether the child's impairment or combination of impairments is severe. 20 C.F.R. § 416.924(c). The child will not be found to have a severe impairment if it constitutes a "slight abnormality or combination of slight abnormalities that cause no more than minimal functional limitations." *Id.* If, however, there is a finding of severe impairment, the analysis proceeds to the final step, which requires the ALJ to determine whether the impairment or combination of impairments "meet, medically equal or functionally equal" the severity of a set of criteria for an impairment in the listings. 20 C.F.R. § 416.924(d).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR FURTHER PROCEEDINGS-3

1    The regulations provide that an impairment will be found to be functionally equivalent to a listed

2  impairment if it results in extreme limitations in one area of functioning or marked limitations in two

3  areas of functioning.  20 C.F.R. § 416.926a(a).  To determine functional equivalence, the following six

4  broad areas of functioning, or domains, are considered: acquiring and using information, attending and

5  completing tasks, interacting and relating with others, moving about and manipulating objects, caring for

6  self, and health and physical well-being.  20 C.F.R. § 416.926a.

7                                    **ALJ'S FINDINGS**

8    At step one of the sequential evaluation, the ALJ found plaintiff had not engaged in substantial

9  gainful activity at any time relevant to the decision.  (Tr. 21.)  At steps two and three, the ALJ found

10 plaintiff has the severe impairments of urinary tract disorder and other disorders of the gastrointestinal

11 system, but these impairments alone or in combination do not meet or medically equal one of the listed

12 impairments in 20 C.F.R., Appendix 1, Subpart P (Listings). (Tr. 21.)  Next, the ALJ determined plaintiff

13 does not have any impairment or combination of impairments that functionally equal the listings.  (Tr.

14 21.)  The ALJ found plaintiff has no limitation in the domains of acquiring and using information (Tr.

15 23), attending and completing tasks (Tr. 24), and moving about and manipulating objects.  (Tr. 26.)  In

16 the domains of interacting and relating with others and health and physical well-being, the ALJ found

17 plaintiff has a less than marked limitation.  (Tr. 25, 28.)  The ALJ found plaintiff has a marked limitation

18 only in the domain of caring for self.  (Tr. 27-28.)  Therefore, the ALJ concluded plaintiff has not been

19 under a disability as defined in the Social Security Act since April 21, 2004, the date the application was

20 filed.  (Tr. 29.)

21                                        **ISSUES**

22    The issue is whether the ALJ's decision is supported by substantial evidence and free of legal

23 error.  Specifically, plaintiff argues the ALJ erred by finding she has a less than marked limitation in the

24 domain of health and physical well-being.  (Ct. Rec. 18 at 15-19.)  Plaintiff also alleges the ALJ failed

25 to develop the record regarding plaintiff's psychological impairment.  (Ct. Rec. 18 at 19-21.)  Defendant

26 argues substantial evidence supports the ALJ finding in the domain of health and physical well-being.

27 (Ct. Rec. 20 at 6-10.)  Defendant also argues the ALJ's duty to develop the record was not triggered

28 because there was no ambiguous credible evidence regarding plaintiff's impairments and the record was

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR FURTHER PROCEEDINGS-4

1  adequate to allow a proper evaluation of the evidence. (Ct. Rec. 20 at 10.) Defendant also argues that

2  new evidence submitted to the Appeals Council is not material and does not provide cause for remand.

3  (Ct. Rec. 20 at 11-14.)

4                                          **DISCUSSION**

5       Plaintiff argues the ALJ failed to defer to the opinion of Dr. Emmans, plaintiff's treating

6  physician.[1]  In a report dated August 17, 2006, Dr. Emmans assessed a less than marked impairment

7  in the domain of health and physical well-being. (Tr. 246.) Dr. Emmans explanation for the

8  assessment states, "However she is frequently ill and is often missing school and having some social

9  hardships second to this." (Tr. 246.) Plaintiff argues Dr. Emmans' explanation matches the

10 definition of a marked impairment and the ALJ should have made such a finding, in spite of the

11 doctor's check mark indicating a less than marked impairment. (Ct. Rec. 18 at 17.)  If the ALJ should

12 have interpreted Dr. Emmans' report to assess a marked impairment in the domain of health and

13 physical well-being, plaintiff is disabled because the limitations assessed by Dr. Emmans would be

14 functionally equivalent to a listed impairment.

15      In assessing a less than marked limitation in the health and physical well-being domain, the

16 ALJ noted plaintiff has "some severe impairments that cause her some limitations, but not to a

17 significant extent." (Tr. 28.) The ALJ also pointed out that the plaintiff is "otherwise healthy and able

18

---

19      [1]The ALJ must consider the opinions of acceptable medical sources about the nature and severity

20 of the Plaintiff's impairments and limitations. 20 C.F.R. §§ 404.1527, 416.927; S.S.R. 96-2p; S.S.R. 96-

21 6p. A treating or examining physician's opinion is given more weight than that of a non-examining

22 physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004).  If the treating or examining

23 physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons.

24 *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  If contradicted, the ALJ may reject the opinion if he

25 states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of*

26 *Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747,

27 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). In this case, the ALJ did not reject

28 the treating physician's opinion. (Tr. 22-28.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR FURTHER PROCEEDINGS-5

to function normally." (Tr. 28.)  The ALJ acknowledged plaintiff is prone to missing school

frequently due to her chronic infections and she suffers some social hardships as a result of her

condition, both observations made by Dr. Emmans.  (Tr. 28, 244.)  However, the ALJ concluded the

Dr. Emmans' check mark next to "less than marked" is consistent with the other evidence of record.

In support, the ALJ cited a 2004 functional assessment completed by Dr. Emmans which described

plaintiff as normal in every category, including fine and gross motor skills, sensory abilities, speech

and communication skills, cognitive skills, behavior and social skills, and emotional development.

(Tr. 28, 255.)

The regulations define a marked limitation as one in which the impairment interferes seriously

with the ability to independently initiate, sustain, or complete activities.  20 C.F.R. §

416.926a(e)(2)(I).  Day-to-day functioning may be seriously limited when the impairment limits only

one activity or when the interactive and cumulative effects of the impairment limit several activities.

*Id.*  A marked limitation is a limitation that is more than moderate, but less than extreme.  *Id.*   In the

domain of health and physical well-being, a marked limitation may be assessed for frequent illness

due to  the impairment that results in significant, documented symptoms or signs.  20 C.F.R. §

416.926a(e)(2)(iv).  "Frequent" means episodes of illness or exacerbations that occur on an average

of 3 times each year, or once every 4 months, each lasting 2 weeks or more.  *Id.*  A marked limitation

may be assessed for episodes that occur more often but do not last for 2 weeks, or occur less often but

last for longer than two weeks, if the overall effect is equivalent in severity.  *Id.*

Dr. Emmans' explanatory comment, "she is frequently ill and is often missing school,"

suggests that plaintiff meets the definition of a marked limitation under 20 C.F.R. 416.926(e)(2)(iv.)

This conflicts with his assessment of a less than marked limitation, creating an ambiguity in the

opinion of the treating physician.  Ambiguous evidence triggers the ALJ's duty to conduct an inquiry.

*Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  When the evidence received from a

treating physician is inadequate to determine disability, the ALJ needs additional information to make

a determination.  20 C.F.R. 416.912(e).  The regulations provide in part:

> We will seek additional evidence or clarification from your medical source when the
> report from your medical source contains a conflict or ambiguity that must be
> resolved, the report does not contain all the necessary information, or does not appear

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR FURTHER PROCEEDINGS-6

to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source.

20 C.F.R. 416.912(e)(1). When the duty to conduct an appropriate inquiry is triggered, the ALJ may subpoena the physician, submit further questions to the physician, or continue the hearing to augment the record. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). Here, the ALJ failed to address the apparent conflict between Dr. Emmans' assessment of a less than marked limitation and his explanation suggesting a marked limitation. Furthermore, plaintiff's counsel raised the issue at the hearing (Tr. 484-85), but the ALJ did not discuss the issue. Thus, the ALJ erred.

Defendant argues Dr. Emmans' written narrative does not counter his finding of a less than marked limitation. (Ct. Rec. 20 at 9.) Defendant points out the medical report form completed by Dr. Emmans contains the criteria for a marked limitation which mirrors the language of 20 C.F.R. § 416.926a. Dr. Emmans' written comment, defendant asserts, must therefore be construed to mean that plaintiff does not have a marked limitation in the domain of health and physical well-being. (Ct. Rec. 20 at 10.) However, the form language stating a child has a marked limitation when he or she is "frequently ill" only emphasizes the ambiguity created by Dr. Emmans' use of the term "frequently ill" in describing a less than marked limitation. While the ALJ is responsible for resolving conflicts in evidence, *Lewis*, 236 F.3d 503, 509 (9th Cir. 2001), and is the final arbiter with respect to ambiguities in the medical evidence, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), he did not do so here. The ALJ did not acknowledge or address the ambiguity in Dr. Emmans' opinion or attempt to resolve it; therefore, the ALJ erred.

Furthermore, plaintiff submitted a letter from Dr. Emmans dated June 29, 2007 to the Appeals Council. (Tr. 5, 9, 464.) The 2007 Dr. Emmans letter is properly considered by this court because the Appeals Council considered it in denying plaintiff's request for review, *see Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000)*; Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993), although evidence obtained after the ALJ has issued an adverse determination is less persuasive. *See Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989). In the 2007 letter, Dr. Emmans noted that after reviewing

other evidence in the record[2] he believes that plaintiff actually has a marked limitation in the domain of health and physical well-being. (Tr. 464.) Although the letter was not available to the ALJ for review, it indicates that had the ALJ sought additional evidence, the outcome of the case might have been different. As such, the additional evidence should be considered on remand.

Plaintiff also alleges the ALJ erred by failing to develop the record with respect to plaintiff's alleged undiagnosed neuropsychological problems. (Ct. Rec. 18 at 18-21.) Plaintiff's counsel requested an order directing neurological testing at the hearing. (Tr. 485-86.) Although the ALJ mentioned the May 2006 findings of Jo H. Scarber, M.Ed., Ed.S., certified in school psychology which indicated plaintiff should have further evaluation to rule out a medical basis for her academic defects (Tr. 22, 226-27, 239-40) , the ALJ did not analyze or comment on the evidence of an undiagnosed neuropsycholgocial problem. On remand, the ALJ should address the issue neuropsychological problem and, if appropriate, order further testing.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence and free of legal error. A remand for further proceedings is the proper remedy. On remand, the ALJ will conduct a new sequential evaluation. The ALJ should also address the additional evidence made part of the record by the Appeals Council, develop the record further and consider other post-hearing evidence as is appropriate.

---

[2]Dr. Emmans' 2007 letter mentions review of a November 20, 2006 letter from plaintiff's second grade teacher indicating plaintiff has bathroom accidents at least once or twice per week (Tr. 462) and plaintiff's first grade progress report "indicating excessive absences." (Tr. 213, 464.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS-8

1    Accordingly,

2    **IT IS ORDERED:**

3       1.     Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is **GRANTED**.  The matter is

4    remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C.

5    405(g).

6       2.      Defendant's Motion for Summary Judgment **(Ct. Rec. 19)** is **DENIED**.

7       3.     An application for attorney fees may be filed by separate motion.

8       The District Court Executive is directed to file this Order and provide a copy to counsel for

9    plaintiff and defendant. Judgment shall be entered for plaintiff and the file shall be **CLOSED**.

10      DATED February 18, 2008.

11

12   _____ S/ JAMES P. HUTTON
                              UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR FURTHER PROCEEDINGS-9